United States v. Pruitt

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: March 30, 2015)                    (Decided: February 1, 2016)

Docket No. 14-1921-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

-versus-

KAYLON B. PRUITT,

*Defendant-Appellant*,

_____

Before:  POOLER, *Circuit Judge*, and GLEESON,[1] *District Judge*.[2]

Kaylon Pruitt appeals from the 46-month term of imprisonment imposed upon him after his plea of guilty to being a felon in possession of a firearm.  He contends that the district court failed to explain the reasons for the sentence, as required by 18 U.S.C. § 3553(c).  Applying plain error review, we find no such error but write to suggest to the

---

[1]    The Honorable John Gleeson, United States District Court for the Eastern District of New York, sitting by designation.

[2]    Judge Susan L. Carney, a member of the original panel, subsequently recused herself.  Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

United States Sentencing Commission and the Judicial Conference of the United States that the Statement of Reasons form that all sentencing judges are required to use be amended to bring it into conformity with the law.

Affirmed.

_____

JAMES F. GREENWALD (James P. Egan, *on the brief*), Assistant Federal Public Defender, for Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY.

RICHARD R. SOUTHWICK (Steven D. Clymer, *on the brief*), Assistant United States Attorneys, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee.*

JOHN GLEESON, *District Judge*:

Kaylon Pruitt appeals from the May 29, 2014 judgment of conviction entered against him in the United States District Court for the Northern District of New York (Suddaby, *J.*).  Pruitt was sentenced principally to a 46-month term of imprisonment on his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  He contends that the district court committed procedural error during his sentencing by failing to explain the reasons for the sentence, as required by 18 U.S.C. § 3553(c).

We affirm but write to suggest to the United States Sentencing Commission and the Judicial Conference of the United States that the Statement of Reasons form

included within the statutorily-required form for the entry of criminal judgments -- Form AO 245B -- be amended to bring it into conformity with § 3553(c) and Supreme Court precedent. Specifically, a check-a-box section of the form, which was checked by the district court in this case, invites sentencing judges to impose a sentence within the applicable Guidelines range simply because the judge finds no reason to depart. Because that both undermines the statutory obligation to state the reasons for every sentence and unlawfully presumes the reasonableness of the advisory Guidelines range, the form should be amended.

BACKGROUND

On October 15, 2013, a New York State Parole Officer conducted an unannounced home visit of Pruitt's housemate, who was on parole. Pruitt, believing the officer might be an intruder, went to the door with a shotgun. The parole officer drew his weapon and directed the 22-year-old Pruitt to lower the shotgun. Pruitt complied. A subsequent search of the home revealed that Pruitt was abusing drugs.

On November 20, 2013, a grand jury returned a one-count indictment charging Pruitt with being a felon in possession of a firearm. The underlying conviction, which occurred in 2009 in South Carolina, was for burglary in the second degree. Pruitt pled guilty to the only charge against him on January 16, 2014.

Pruitt appeared for sentencing on May 21, 2014. The presentence report calculated his Guidelines range to be 37-46 months. It described Pruitt's difficult

3

upbringing in a gang-infested South Carolina neighborhood and his mental health history (which included behavioral, emotional, and psychiatric problems, and suicide attempts). It also described additional criminal charges arising out of Pruitt's conduct while in custody after his arrest in this case. Specifically, Pruitt allegedly inappropriately touched a nurse outside her clothing and then punched and threatened the corrections officer who reacted to the touching by trying to restrain Pruitt.

Defense counsel, relying on Pruitt's upbringing and mental health issues, requested a sentence of no greater than 36 months, the bottom of the advisory Guidelines range. For its part, the government requested a sentence at the top of the range, contending that Pruitt was a "dangerous" man "from whom society needs to be protected." App'x at 48.

Immediately after hearing the arguments of counsel,[3] the district court stated as follows:

> Okay. [The] Court's prepared to impose sentence. The Court has reviewed and considered all the pertinent information including but not limited to the presentence investigation report, the addendum, submissions by counsel, and the 2013 edition of the Sentencing Guidelines manual, as well as the factors outlined in 18 U.S.C. [§] 3553(a). The court adopts the factual information and the guideline applications contained in the presentence investigation report.

---

[3] Pruitt declined his opportunity to be heard at sentencing.

> The court finds the total offense level is 17, the criminal history category is IV and the guideline imprisonment range is 37 to 46 months.
>
> Upon your plea of guilty on Count 1 of the indictment, it is the judgment of the court that you are hereby committed to the custody of the Bureau of Prisons for a period of 46 months.

App'x at 50-51.

On May 29, 2014, the district court entered judgment on Form AO 245B. The form is entitled "Judgment in a Criminal Case," and it provides a framework for judges to memorialize any prison term imposed, any supervised release or probation term and the conditions of such supervision, any criminal monetary penalties (*i.e.*, fine, restitution, assessments), and any denials of federal benefits. Most important to this appeal is the attachment to the form, entitled "Statement of Reasons." In Section I of the Statement of Reasons, which is headed "Court Findings on Presentence Investigation Report," the district court checked the box next to the statement, "The court adopts the presentence investigation report without change." In Section IV, headed "Advisory Guideline Sentencing Determination," the district court checked the box next to the statement, "The sentence is within an advisory range that is not greater than 24 months, and the court finds no reason to depart."

This appeal followed.

DISCUSSION

A.    *The Adequacy of the District Court's Statement of Reasons*

Pruitt contends that the district court committed procedural error at the sentencing proceeding by failing to offer a sufficient explanation for the 46-month, top-of-the-range sentence.  He seeks a vacatur of the sentence and a remand directing the district court to either provide such an explanation or to conduct a new sentencing proceeding.

In evaluating whether a sentence is reasonable, we focus, *inter alia*, on whether the district court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Where, as here, there was no objection below to the action that is challenged on appeal, we generally review only for plain error.  Fed. R. Crim. P. 52(b); *United States v. Hargrett*, 156 F.3d 447, 451 (2d Cir. 1998).

Under § 3553(c), the sentencing judge in every case is required to "state in open court the reasons for its imposition of the particular sentence," and must do so "at the time of sentencing."  The district court in this case did not comply with that requirement.  It should have explained the reasons for Pruitt's sentence at the time it was imposed.  Had it done so, review by this Court may not even have been sought by

Pruitt, and in any event it would have been made easier by the explanation. Most importantly, Pruitt would have received what every defendant deserves: a contemporaneous oral explanation by the judge for the sentence imposed. However, this Court has excused such failures on plain error review where, as here, the district court has adopted the presentence investigation report in open court and the factual findings in the report are adequate to support the sentence. *See, e.g.*, *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004). Because the district court in this case explicitly adopted in open court the factual findings of the presentence report, and those facts provide adequate support for the sentence, we are constrained by our precedent to conclude that there was no plain error.

B.   *The Statement of Reasons Form*

Our conclusion that Pruitt's sentence should be affirmed does not alleviate our concern with one facet of the record: the district court's finding -- made by checking a box on the Statement of Reasons form -- that "[t]he sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart." If that were the only reason provided by the district court for the sentence imposed upon Pruitt, we would be compelled to reverse and remand for a new sentencing proceeding. Because the form is prescribed by law, *see* 28 U.S.C. § 994(w),[4]

---

[4]   In March 2006, President Bush signed into law the USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109-177, 120 Stat. 192 (2006), which amended 28 U.S.C. § 994(w) to require that the reasons for the sentence imposed in every case be "stated on the written statement of

7

we urge the Sentencing Commission and the Judicial Conference of the United States to amend it.

The genesis of our concern is two-fold.  First, as mentioned above, § 3553(c) requires sentencing judges to state the reasons for every sentence they impose.  Second, whereas appellate courts are permitted, if they wish, to presume the reasonableness of a within-range sentence, sentencing judges are strictly *forbidden* from doing so.  *Rita v. United States*, 551 U.S. 338, 351 (2007); *see also Nelson v. United States*, 555 U.S. 350, 351 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable.").  A sentencing judge cannot choose a sentence within the applicable range simply because there is no reason not to do so.

The overwhelming majority of cases -- in FY 2014 it was 82.3% -- involve Guideline ranges that are not wider than 24 months.[5]  Sentencing judges in every one of those cases are (1) required by § 3553(c) to state the reasons for the sentence imposed, and (2) precluded by *Rita* and *Nelson* from presuming the reasonableness of the sentence imposed simply because it happens to be within the advisory range.  The

reasons form issued by the Judicial Conference and approved by the United States Sentencing Commission."  28 U.S.C. § 994(w)(1)(B).  In the immediate aftermath of the latter legislation, the Judicial Conference issued, and the Sentencing Commission approved, Form AO 245B. As discussed below, the form was amended after the oral argument in this case.

[5]      The table for "Offenders in Each Guidelines Range" on the Commission's Sourcebook of Federal Sentencing Statistics shows that in Fiscal Year 2014, 82.3% of the 67,672 sentenced defendants for which the Commission had information had ranges of 97-121 months or less.  *See* U.S. SENTENCING COMM'N, 2014 Sourcebook of Federal Sentencing Statistics, Table 23 (2014), *available at* http://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2014/Table23.pdf.

8

Statement of Reasons form undermines both the statute and the Supreme Court case law.

Specifically, for those cases, the form sets forth in Section IV three possible "Guideline Sentencing Determinations," denominated A, C, and D. A judge checks box A when the sentence imposed is within the advisory Guidelines range. No reasons for a within-range sentence need be provided. In fact, simply by checking box A, the judge is finished with Section IV of the form. If the judge sentences outside the range, however, more is required. Box C is checked when the sentencing judge has "departed" from the applicable range, that is, sentenced outside the range for a reason authorized by the Guidelines themselves. Box D is checked when the sentencing judge has "varied" from the applicable range, that is, sentenced outside of it not based on an authorized departure ground, but because the Guidelines are merely advisory and the facts of the case warrant the variance.[6] Whereas a within-range sentence need not be explained (and no room to do so is even provided), a judge who checks box C or D has additional work to do. She must complete Section V (for a departure) or VI (for a variance), which both involve a check-a-box grid to report which of numerous possible features are present in the case, followed by a direction to explain the reasons for the sentence.

---

[6] Box B pertains to sentences where the applicable range is wider than 24 months and the sentence imposed is within the range.

9

In short, the required form conveys to sentencing judges that as long as they stay within a range that is not wider than 24 months, no reasons for the sentence are necessary. That message conflicts with the mandate in § 3553(c) -- and may well account for wholly unexplained sentences like the one imposed in this case. Moreover, the only conceivable rationale for not requiring even a single reason for a within-range sentence is that such a sentence is presumed reasonable simply because it is within the range. As mentioned above, Supreme Court precedent prohibits such a presumption.

Finally, the Statement of Reasons form was recently amended, but the amendments do not ameliorate the concerns expressed here. Box A in Section IV now reads as follows: "The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months."[7] It remains the case that no reasons need be provided for such within-range sentences; presumably they are considered reasonable *because* they are within the range.

Though we understand that this aspect of the Statement of Reasons form implicates broader issues as well,[8] our focus here is quite narrow: § 3553(c) requires a

---

[7]     A copy of the amended form is attached to this opinion.

[8]     The form as a whole seems designed to encourage judges to sentence within the range. A path of least resistance is clearly marked, and it is consistent with the Commission's overall approach to sentencing in the post-*Booker* era. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the mandatory guidelines system was incompatible with the Sixth Amendment right to trial by jury, and it accordingly severed the provision of the Act that made the Guidelines mandatory. The Sentencing Commission has since repeatedly asked Congress to enact legislation requiring sentencing courts to give greater weight to the Guidelines range than *Booker* and its progeny permit. The specific proposals include laws that would require sentencing judges give "substantial weight" to the advisory Guidelines range

10

statement of reasons for *every* sentence, and the Supreme Court has made it clear that a

sentencing judge must *never* presume that a within-range sentence is reasonable.

Because the Statement of Reasons form undermines both of those mandates, we

respectfully suggest to the Judicial Conference and the Sentencing Commission that it

be amended accordingly.

---

and require appellate courts to accord a presumption of reasonableness to within-range sentences. Thus, the objectionable part of Statement of Reasons form may reflect the law as the Commission wants it to be.

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

**I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A. ☐ **The court adopts the presentence investigation report without change.**

B. ☐ **The court adopts the presentence investigation report with the following changes.** *(Use Section VIII if necessary)*
   *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report.)*

   1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐ **Additional Comments or Findings**: *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II. COURT FINDING ON MANDATORY MINIMUM SENTENCE** *(Check all that apply)*

A. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence is at or above the applicable mandatory minimum term.

B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐ findings of fact in this case: *(Specify)*

   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

C. ☐ No count of conviction carries a mandatory minimum sentence.

**III. COURT DETERMINATION OF ADVISORY GUIDELINE RANGE**: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: _____
Criminal History Category: _____
Guideline Range: *(after application of §5G1.1 and §5G1.2)* _____ to _____ months
Supervised Release Range: _____ to _____ years
Fine Range: $ _____ to $ _____

☐ Fine waived or below the guideline range because of inability to pay.

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

**IV**. **GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

    A. ☐   The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

    B. ☐   The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*

    C. ☐   The court departs from the guideline range for one or more reasons provided in the Guidelines Manual.
        *(Also complete Section V.)*

    D. ☐   The court imposed a sentence otherwise outside the sentencing guideline system (i.e., a variance). *(Also complete Section VI)*

**V**. **DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

    A. **The sentence imposed departs:** *(Check only one)*
        ☐  above the guideline range
        ☐  below the guideline range

    B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*

        1.     **Plea Agreement**
           ☐  binding plea agreement for departure accepted by the court
           ☐  plea agreement for departure, which the court finds to be reasonable
           ☐  plea agreement that states that the government will not oppose a defense departure motion.

        2.     **Motion Not Addressed in a Plea Agreement**
           ☐  government motion for departure
           ☐  defense motion for departure to which the government did not object
           ☐  defense motion for departure to which the government objected
           ☐  joint motion by both parties

        3.     **Other**
           ☐  Other than a plea agreement or motion by the parties for departure

    C.   **Reasons for departure:** *(Check all that apply)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

☐  Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

    D.   **State the basis for the departure.** *(Use page 4 if necessary)*

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

**VI.    COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

    A.  **The sentence imposed is:** *(Check only one)*
        ☐ above the guideline range
        ☐ below the guideline range

    B.  **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
        1.    **Plea Agreement**
                ☐    binding plea agreement for a variance accepted by the court
                ☐    plea agreement for a variance, which the court finds to be reasonable
                ☐    plea agreement that states that the government will not oppose a defense motion for a variance
        2.    **Motion Not Addressed in a Plea Agreement**
                ☐    government motion for a variance
                ☐    defense motion for a variance to which the government did not object
                ☐    defense motion for a variance to which the government objected
                ☐    joint motion by both parties
        3.    **Other**
                ☐    Other than a plea agreement or motion by the parties for a variance

    C.  **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
        ☐  The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)

| ☐ Mens Rea | ☐ Extreme Conduct | ☐ Dismissed/Uncharged Conduct |
| ☐ Role in the Offense | ☐ Victim Impact | |
| ☐ General Aggravating or Mitigating Factors *(Specify)* | | |

        ☐  The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

| ☐ Aberrant Behavior | ☐ Lack of Youthful Guidance |
| ☐ Age | ☐ Mental and Emotional Condition |
| ☐ Charitable Service/Good Works | ☐ Military Service |
| ☐ Community Ties | ☐ Non-Violent Offender |
| ☐ Diminished Capacity | ☐ Physical Condition |
| ☐ Drug or Alcohol Dependence | ☐ Pre-sentence Rehabilitation |
| ☐ Employment Record | ☐ Remorse/Lack of Remorse |
| ☐ Family Ties and Responsibilities | ☐ Other: (Specify) |

                ☐  Issues with Criminal History:  *(Specify)*
        ☐  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
            (18 U.S.C. § 3553(a)(2)(A))
        ☐  To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
        ☐  To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
        ☐  To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))
        ☐  To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))
        ☐  To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
        ☐  To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) (Specify in section D)
        ☐  To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

| ☐ Acceptance of Responsibility | ☐ Conduct Pre-trial/On Bond | ☐ Cooperation Without Government Motion for |
| ☐ Early Plea Agreement | ☐ Global Plea Agreement | Departure |
| ☐ Time Served *(not counted in sentence)* | ☐ Waiver of Indictment | ☐ Waiver of Appeal |

        ☐  Policy Disagreement with the Guidelines *(Kimbrough v. U.S., 552 U.S. 85 (2007)*: *(Specify)*

        ☐  Other: *(Specify)*

    D.  ***State the basis for a variance.** (Use Section VIII if necessary)*

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

## VII.   COURT DETERMINATIONS OF RESTITUTION

A. ☐  **Restitution Not Applicable**.

B. **Total Amount of Restitution: $** _____

C. **Restitution not ordered:** *(Check only one)*

    1. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3. ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or . 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5))

    5. ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).

    6. ☐  Restitution is not ordered for other reasons. *(Explain)*

D. ☐  **Partial restitution is ordered for these reasons** *(18 U.S.C. § 3553(c))***:**

## VIII.  ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

Defendant's Soc. Sec. No.: _____        Date of Imposition of Judgment

Defendant's Date of Birth: _____

Defendant's Residence Address: _____        Signature of Judge

Defendant's Mailing Address: _____        Name and Title of Judge
Date Signed _____