16-1205-cr
United States v. Redeye

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*,
> LASHANN DEARCY HALL,
> > *District Judge.*[*]

---

United States of America,

> *Appellee*,

> v.                                                    No. 16-1205-cr

Roy S. Redeye,

> *Defendant-Appellant.*

---

FOR APPELLANT:                  RANDOLPH Z. VOLKELL, Merrick, NY.

FOR APPELLEE:                   ROBERT S. LEVINE, Assistant United States Attorney (Elizabeth A. Horsman, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[*] Judge LaShann DeArcy Hall, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Roy S. Redeye appeals his sentence of thirty-eight months of imprisonment, imposed after he pleaded guilty to two counts of transmitting in interstate commerce a communication containing a threat to injure the person of another. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Notice

The Defendant argues that, in light of the appeal waiver in his plea agreement and the comments of the prosecutor and district judge during his plea colloquy, he had a reasonable expectancy that his sentence would not exceed thirty-seven months. He argues that his sentence of thirty-eight months' imprisonment exceeded what he reasonably expected and was therefore error under *United States v. Labbe*, 599 F.3d 139, 143 (2d Cir. 2009).

Because the Defendant did not raise this issue before the district court, we review for plain error. *See, e.g.*, *United States v. Pruitt*, 813 F.3d 90, 92 (2d Cir. 2016). To demonstrate plain error, the Defendant must show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

We find no error here, plain or otherwise. In *Labbe*, 588 F.3d at 142–43, the district court issued a written sentencing opinion that stated that the defendant "is hereby sentenced to a term of 57 months' imprisonment" but subsequently sentenced the defendant to eighty-seven months of imprisonment. We remanded for resentencing in light of the reasonable expectancy rooted in the district court's written sentencing opinion. Here, however, the plea agreement and colloquy made clear that the district court had the ability to calculate independently the Defendant's Guidelines range, and that the range might be higher than the parties expected. Furthermore, the sentence imposed was within the Guidelines range, so the court was not required to provide notice to the Defendant prior to sentencing. Moreover, the Defendant was informed that he faced a statutory maximum sentence of five years' imprisonment, well above the thirty-eight-month sentence at issue in this appeal.

## II. Substantive Reasonableness

We read the Defendant's argument that his sentence was "unreasonably harsh" as an argument that the sentence was substantively unreasonable. "[O]ur review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable. *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

The sentence imposed by the district court was arguably harsh in light of the offense conduct, which apparently consisted solely of drunken late-night Facebook posting. Nevertheless, having reviewed the record, we cannot conclude that the Defendant's within-guidelines sentence was substantively unreasonable. In particular, we note the facts included in the presentence

investigation report documenting the Defendant's considerable criminal history and suggesting that he had been in possession of child pornography. The sentence, therefore, was not "so . . . unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice[.]" *Id.* (internal quotation marks and citation omitted).

### III. Procedural Error

Finally, the Defendant contends that the district court "did not adequately explain its sentence or its consideration of the guidelines or other factors, speaking about its rationale only minimally and in the most general terms." Appellant's Brief at 10. We read this as an argument that the court committed procedural error. "A sentencing court commits procedural error when it . . . fails to adequately explain the chosen sentence." *United States v. Pattee*, 820 F.3d 496, 512 (2d Cir. 2016) (citing *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc)).

"A sentencing court does not have to parse every sentencing factor under § 3553(a), or address each of the defendant's arguments regarding various factors, for a sentence to be procedurally reasonable." *Id.* (citing *Rigas*, 583 F.3d at 119). Here, the district court indicated at sentencing that it had considered the defendant's criminal history and his possession of child pornography in concluding that a sentence at the high end of the Defendant's Guidelines range was appropriate. Under these circumstances, we find no procedural error.

We are satisfied that there was no error in the sentence imposed by the district court. We have considered all of the Defendant's arguments to the contrary and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4