17-1499-cr
United States v. Mkhail

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
           PETER W. HALL,
           CHRISTOPHER F. DRONEY,

           *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                   *Appellee,*

           v.                                        No. 17-1499-cr

STEVE MKHAIL,

                   *Defendant-Appellant.*

-----------------------------------------------------------------------

FOR APPELLANT:              Barry D. Leiwant, Federal Defenders of New York, Inc. Appeals Bureau, New York, New York.

FOR APPELLEE:               Nathan Rehn, Assistant United States Attorney, Sarah K. Eddy, Assistant United States Attorney (*on the brief*) *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Steve Mkhail argues that the 18-month prison term and three years of supervised release imposed upon him for escape from an institution where confined by the Attorney General, in violation of 18 U.S.C. §§ 751(a), 4082(a), is procedurally unreasonable because the district court did not provide its reasons for sentencing him at the top of the applicable Guidelines range. *See* 18 U.S.C. § 3553(c) (requiring the district court to state the reasons for imposing the sentence it imposed). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The abuse of discretion "standard of review applies to appellate review of all sentencing decisions." *Gall v. United States*, 552 U.S. 38, 49 (2007). Because Mkhail did not raise this procedural objection to the district court at the time of sentencing, we review his claims for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008); *United States v. Villafuerte*, 502 F.3d 204, 2011 (2d Cir. 2007). To demonstrate plain error, a defendant must show: "(1) error, (2) that is plain and (3) affects substantial rights." *Villafuerte*, 502 F.3d at 209 (citing *United States v. Banks*, 464 F.3d 184, 189 (2d Cir. 2006); *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002)). If the error meets these three requirements "we then must consider whether to exercise our discretion to correct it, which is appropriate only if the error seriously

affected 'fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Doe*, 297 F.3d at 82).

Mkhail's challenge to his sentence as procedurally unreasonable fails. In *United States v. Pruitt*, 813 F.3d 90, 92 (2d Cir. 2016), we held it was not plain error when a district court did not provide a contemporaneous explanation for a defendant's sentence but the court had adopted the presentence report in open court and the factual findings in the report adequately supported the sentence. *See also United States v. Molina,* 356 F.3d 269, 277 (2d Cir. 2004).

Here, the district court adopted the presentence report in its entirety and referenced facts that could be deemed aggravating factors: substance abuse while incarcerated and repeated failure to surrender. Even if the court had not discussed these factual findings on the record, "[b]ecause the district court in this case explicitly adopted in open court the factual findings of the presentence report, and those facts provide adequate support for the sentence, we are constrained by our precedent to conclude that there was no plain error." *Pruitt*, 813 F.3d at 92. Although, as in *Pruitt*, it would have been the better course for the district court to give a more fulsome explanation for the sentence it imposed, on plain error review, we conclude that it was adequate.

We have considered all Mkhail's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3