*United States v. Alvarez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                     19-2691

ANTHONY ALVAREZ,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Molly Corbett, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender for the Northern District of New York, Albany, New York |
| For Appellee: | Paul D. Silver, Joshua R. Rosenthal, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Anthony Alvarez ("Alvarez") appeals from an August 26, 2019 judgment of the U.S. District Court for the Northern District of New York (Sharpe, *J.*), which, following a guilty plea, principally sentenced Alvarez to 15 months' imprisonment and three years of supervised release for one count of Supplemental Security Income fraud in violation of 42 U.S.C. § 1383a(a)(3)(A). Alvarez challenges the procedural and substantive reasonableness of the three-year term of supervised release, as well as a special condition of supervised release requiring him to apply any future tax refunds toward restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Alvarez first contends that the three-year term of supervised release imposed by the district court was procedurally unreasonable because the district court failed adequately to explain its reasons for the imposition of the sentence, as required by 18 U.S.C. § 3553(c). We are unpersuaded.

"In reviewing the procedural reasonableness of a sentence, this Court considers 'whether the district court committed a significant procedural error, such as . . . failing to adequately explain the chosen sentence.'" *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020) (quoting *United States v. Pruitt*, 813 F.3d 90, 92 (2d Cir. 2016) (internal quotation marks omitted)). Under 18 U.S.C. § 3553(c), the district court must, "at the time of sentencing . . . state in open court the reasons for its imposition of the particular sentence." "There is no mechanical test for

2

compliance with § 3553(c)," and this Court has "refused to 'encroach upon the province of district courts by dictating a precise mode or manner in which they must explain the sentences they impose.'" *Rosa*, 957 F.3d at 118–19 (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)). "We review for plain error where, as here, the defendant failed to raise a § 3553(c) objection below." *Id.* at 117.

We conclude that the district court did not err, let alone plainly err, in explaining the reasons for its imposition of a within-Guidelines three-year supervised release term. We have recognized that "the 'statement' requirement of § 3553(c) sets a low threshold." *Id.* at 119. Where "a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation," *Rita v. United States*, 551 U.S. 338, 356 (2007). In imposing its sentence, the district court stated that it had "taken into consideration the parties' submissions, the guideline manuals, [and] the sentencing factors that are outlined in 3553(a)," and expressed its understanding of defense counsel's arguments with respect to Alvarez's "background, his history." J.A. 99. The court then stated that "[i]t saddens me that it is what it is and that it's led to his sitting here this morning confronting what he's confronting by way of a sentence," but also underscored "the victim impact letter submitted by Social Security about the effect of Social Security fraud on Social Security recipients and the program and the way in which it functions and operates." *Id.* In light of the court's consideration of Alvarez's background, however, the court explained that it agreed "that some leniency is warranted here," and therefore varied downward from the Guidelines range of 21 to 27 months' imprisonment, imposing a sentence of only 15 months' imprisonment, alongside a within-Guidelines term of supervised release of three years. J.A. 99–100. In the context of these sentencing proceedings, where defense counsel had repeatedly urged the court to exercise leniency in light of the court's "supervisory authority . . . for the time the Court sees fit to

3

impose," J.A. 98; *see also* J.A. 53, the court amply satisfied the "low threshold" for explaining its decision to pair a top-of-the-Guidelines term of supervised release with its lenient custodial sentence based on its consideration of Alvarez's personal history and characteristics. *Rosa*, 957 F.3d at 119.

Alvarez next challenges the substantive reasonableness of the three-year supervised release term. But this challenge, too, is without merit. "As to substance, we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis, citations, and internal quotation marks omitted). We cannot conclude that the district court's imposition of a within-Guidelines term of supervised release was substantively unreasonable, particularly in light of Alvarez's lengthy criminal history, which, as the district court observed, involved numerous violations while under periods of supervision.

Finally, Alvarez argues that the district court erred in imposing a special condition of supervised release requiring him to apply any future tax refunds toward restitution. We disagree. District courts exercise "broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A sentencing court may impose special conditions that are reasonably related to certain sentencing factors enumerated in 18 U.S.C. § 3553(a) and which "involve no greater deprivation of liberty than is reasonably necessary" for those purposes. U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d). In imposing a condition of supervised release, the court must "make an individualized assessment" and "state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. Absent an

4

explanation, this Court may uphold the condition "only if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted). Where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing, we review for plain error. *See United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (per curiam).

Alvarez contends that the court plainly erred because it failed to state its reasons for imposing the condition and because the condition conflicts with the restitution payment schedule ordered by the court, which requires payment "at a minimal rate of 25% of [Alvarez's] gross income while incarcerated and a minimal rate of $100 per month or 10% of [Alvarez's] gross income, whichever is greater, upon [his] release from imprisonment." J.A. 109. Not so. The court made clear on the record at sentencing that it "believe[d] the special conditions [were] warranted by the instant offense, the history and characteristics of Mr. Alvarez as detailed in the presentence report and they [would] serve to promote his rehabilitation." J.A. 100. Moreover, because the restitution payment plan set forth in the written judgment represents the minimal rate of payment, the special condition does not conflict with the payment schedule. Accordingly, the court did not err in imposing the challenged special condition.

We have considered Alvarez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5