20-840-cr
*United States of America v. Shamsan Alryashi*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-one.

PRESENT:  DENNIS JACOBS,
          ROBERT A. KATZMANN,
          WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

   *Appellee*,

  v.              No. 20-840-cr

SHAMSAN ALRYASHI,

   *Defendant-Appellant*.

_____

FOR APPELLEE:     DANA REHNQUIST (Jo Ann M. Navickas, Lara Treinis Gatz, *on the brief*), Assistant United States Attorneys, *for* Mark J. Lesko, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:  GLENN OBEDIN, Obedin & Weissman, Central Islip, NY.

On appeal from the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on February 27, 2020, is **AFFIRMED**.

Defendant-Appellant Shamsan Alryashi appeals from a judgment of conviction entered on February 27, 2020, by the district court. On February 28, 2018, Alryashi pled guilty to the crime of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). The district court sentenced Alryashi principally to 60 months in prison. We assume the reader's familiarity with the case.

Alryashi argues that his sentence is procedurally unreasonable because "[t]he district court did not articulate a sufficient reason, nor, in fact, any reason, for choosing the maximum authorized sentence" and, "[a]s such, the sentence ran afoul of the Parsimony Principle." Def. Br. at 6.

In reviewing the procedural reasonableness of a criminal sentence, this Court generally uses "a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). But where, as here, the defendant fails to object below to the adequacy of the district court's explanation, a plain error standard applies. *See United States v. Boyland*, 862 F.3d 279, 288 (2d Cir. 2017) (explaining that Federal Rule of Criminal Procedure 52(b) "permits an appellate court to recognize a plain error that affects substantial rights, even if the claim of error was not brought to the district court's attention" (internal quotation marks omitted)). Applying plain error review, this Court may "correct an error not raised at trial only where the appellant demonstrates" the following:

(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* at 288–89 (internal quotation marks and alterations omitted).

Alryashi fails to satisfy the first prong of plain error review because he identifies no error, let alone plain error, in the district court's explanation. Under 18 U.S.C. § 3553(c), "the sentencing judge in every case is required to 'state in open court the reasons for its imposition of the particular sentence,' and must do so 'at the time of sentencing.'" *United States v. Pruitt*, 813 F.3d 90, 92 (2d Cir. 2016) (quoting 18 U.S.C. § 3553(c)). The district court satisfied that requirement by explaining in open court that the seriousness of Alryashi's offense motivated the sentence imposed. *See* App'x at 41 (explaining that "what he did was very, very serious"); *see also United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020) ("Under § 3553(c), we simply expect the court to identify the consideration or considerations driving the selection of the sentence that was actually imposed.").

The district court did not commit any error by failing to mention the parsimony clause of 18 U.S.C. § 3553(a), which requires imposition of a sentence that is "sufficient, but not greater than necessary, to comply with" the goals of sentencing. We have clarified that a district court need not specifically explain how the sentence imposed satisfies that provision. "[A]bsent record proof showing otherwise, we assume the district court's awareness of and compliance with this statutory sentencing obligation." *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2d Cir. 2006); *see United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (explaining that a

3

sentencing court must only "satisfy us that it has considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority" (internal quotation marks and alterations omitted)); *see also Rosa*, 957 F.3d at 119 (explaining that a sentencing judge need not "address every argument the defendant has made or discuss every § 3553(a) factor individually" (internal quotation marks omitted)).

We have considered Alryashi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4