24-987-cr
*United States v. Ullman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of April, two thousand twenty-five.

**PRESENT:**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> **MARIA ARAÚJO KAHN,**
> > *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                          **No. 24-987-cr**

**Thomas Ullman,**

> *Defendant-Appellant.*

_____

**FOR APPELLEE:**

Thomas R. Sutcliffe, Assistant United States Attorney, *for* John A. Sarcone III, United States Attorney for the Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**

Molly K. Corbett, Assistant Federal Public Defender, Office of the Federal Public Defender, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Thomas Ullman appeals from an April 5, 2024 judgment convicting him, after a guilty plea, of sexually exploiting a child, in violation of 18 U.S.C. § 2251(a). The district court sentenced Ullman to 300 months' imprisonment to be followed by fifteen years of supervised release. On appeal, Ullman challenges the length of his prison sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the

underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review preserved claims of procedural and substantive error of a sentence "under a deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (quotation marks omitted). However, because Ullman did not contest the procedural reasonableness of his sentence in the proceedings below, our review is for plain error. *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).[1]

Under the plain error standard, Ullman bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up).

---

[1] We have not yet "decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). Since Ullman's substantive reasonableness challenge fails even under an abuse-of-discretion standard, we do not reach that question here.

## I.    Procedural Reasonableness

In reviewing the procedural reasonableness of a sentence, this Court considers "whether the district court committed a significant procedural error, 'such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'"    *United States v. Pruitt*, 813 F.3d 90, 92 (2d Cir. 2016) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The requirement that a district court "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), serves several goals, including "to inform the defendant of the reasons for his sentence" and "to permit meaningful appellate review."    *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020).    But "[s]ection 3553(c) requires no specific formulas or incantations." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012).    Although the "the length and detail required of a district court's explanation varies according to the circumstances," *id.*, an explanation is generally sufficient when it informs "the defendant and public of the reasons for the particular sentence" and permits our review "for reasonableness," *United States v. Verkhoglyad*, 516 F.3d 122, 133 (2d Cir.

2008) (quotation marks omitted). We therefore do not insist that the court "discuss every § 3553(a) factor individually." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007).

Here, the sentencing court found—and the parties agreed—that Ullman's Guidelines-recommended term of imprisonment was 360 months, based on a total offense level of 42 and a criminal history category of II.[2] Before imposing its sentence, the court stated that it had "reviewed and considered all pertinent information," App'x at 114, including the Presentence Investigation Report, the submissions by counsel, and the factors outlined by 18 U.S.C. § 3553(a). After hearing from the parties, the court discussed the nature of Defendant's conduct, stating that Ullman—a 43-year-old man—"frequented a teen dating website where he pretended to be a teenage boy in order to talk to and persuade minor girls into engaging in sexually explicit conduct." App'x at 124. It noted that Ullman "admitted to chatting with over 200 teenage girls through the website, some of

[2] Because Ullman did not contest the 360-month figure in his appellate brief, he has abandoned an argument as to the Guidelines calculation. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). After initially failing to file a reply brief, Ullman challenged the calculation for the first time after this Court ordered additional briefing. But we decline to "consider an argument raised for the first time" under these circumstances. *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003).

5

whom produced and sent images, videos, and live streams of themselves engaging in sexually explicit conduct to the defendant at his direction and request." App'x at 124. The court then considered Ullman's criminal history and found that he "presents a risk of danger to the public." App'x at 125.

Ullman argues that the court procedurally erred by failing to expressly consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). In particular, he cites to studies finding that the average sentence imposed for a child pornography production offense was 275 months—below his 300-month sentence—and he emphasizes that a majority of courts impose non-Guidelines sentences under similar circumstances.[3] But, absent evidence to the contrary, "this Court presumes that the sentencing judge has considered all relevant § 3553(a) factors." *Rosa*, 957 F.3d at 118. Ullman offers nothing to rebut this presumption.[4] Ultimately, because "we will not assume a failure of

---

[3] Ullman does not dispute, however, that his own 300-month sentence reflected a 60-month downward variance—in other words, a non-Guidelines sentence.

[4] Ullman has also "failed to provide sufficient information to compel the district court to find that [other defendants] were so similarly situated to himself that any disparity in sentence would be unwarranted." *United States v. Broxmeyer*, 699 F.3d 265, 296–97 (2d Cir. 2012). And, even if he had made such a showing, "§ 3553(a)(6) is only one of several factors that must be weighted and

6

consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually," *Verkhoglyad*, 516 F.3d at 131, the court did not plainly commit procedural error.

## II. Substantive Reasonableness

Our review of substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). In conducting this analysis, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (quotation marks omitted).

---

balanced, and how that is done is a matter that remains firmly committed to the discretion of the sentencing judge." *Id.* at 297 (quotation marks omitted).

Here, Ullman's 300-month sentence for sexually exploiting a child is not "shockingly high" or "otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123. It is undisputed that he contacted over 200 teenage girls for the purpose of inducing them to send him sexually explicit images. As a result, Ullman and these minors shared over 2,500 images depicting nudity or sexual acts. The district court at sentencing also identified several aggravating factors, including the number of victims and the fact that Ullman admitted that he "liked the attention he received from the minor girls and stated that they were easy to dominate." App'x at 124.

We reject Ullman's argument that any aggravating or mitigating factor "cannot bear the weight the court assigned to it under the totality of the circumstances." Appellant Br. at 18. After all, the "particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). Moreover, "[w]hile a district court is by no means required to impose a sentence of more than 15 years whenever it identifies aggravating factors in the commission of a § 2251(a) crime, it hardly abuses its discretion by doing so." *Id.* at 290.

Since a Guidelines sentence will be reasonable "[i]n the overwhelming majority of cases," *Perez-Frias*, 636 F.3d at 43 (quotation marks omitted), and the district court's decision here fell "within the range of permissible decisions," *id.* at 42 (quotation marks omitted), Ullman's below-Guidelines sentence was substantively reasonable.   *See United States v. Muzio*, 966 F.3d 61, 62 (2d Cir. 2020) (affirming a 420-month sentence of a defendant who posed as a teenage boy on the internet and received sexually explicit pictures and videos from underage girls).

\* \* \*

We have considered Ullman's remaining arguments and conclude they are without merit.   Accordingly, the district court's judgment is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9